UNITED STATES of America, Appellee,

v.

Luis Antonio RODRIGUEZ,
Defendant–Appellant,

Ramon Aquilino Perez, Cesar Rube Roque, and William Johnson,
Defendants.

No. 664, Docket 90–1442.

United States Court of Appeals,
Second Circuit.

Argued Feb. 7, 1991.

Decided March 20, 1991.

Barry J. Levine, Mineola, N.Y. (Lawrence V. Carr, Mineola, N.Y., on the brief), for defendant-appellant.

Kevin K. McGrath, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Emily Berger, Asst. U.S. Atty., on the brief), for appellee.

Before LUMBARD, NEWMAN and ALTIMARI, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal primarily concerns a narrow issue under the Sentencing Guidelines—whether the two-level downward adjustment for acceptance of responsibility is precluded as a matter of law by a three-level upward adjustment for committing an offense while released on bail in connection with a prior offense. The issue arises on an appeal by Luis Antonio Rodriguez from the July 10, 1990, judgment of the District Court for the Eastern District of New York (I. Leo Glasser, Judge) convicting him, on his plea of guilty, of conspiracy to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 846 (1988). Because it appears that the District Judge might have erroneously thought he lacked discretion to accord an adjustment for acceptance of responsibility, we vacate the sentence and remand for resentencing.

## I.

Rodriguez was first indicted for cocaine violations committed on June 28, 1989. While released on bail in connection with that indictment, he was arrested for cocaine violations occurring in January 1990 and continuing to the date of arrest, February 5, 1990. A second indictment charged a section 846 conspiracy, based on the 1990 violations. Pursuant to a plea agreement, Rodriguez pled guilty to the second indictment in satisfaction of both indictments and admitted to the facts of the offenses charged in the first indictment, thereby making him subject to sentencing as if he had been convicted of an additional count charging those offenses. U.S.S.G. § 1B1.2(c).

At sentencing, the base offense level was determined to be 28, based on the amount of cocaine involved in both sets of offenses. The Court made a three-level upward adjustment because the offense for which sentence was being imposed had been committed while Rodriguez was on release from prior charges. *Id.* § 2J1.7. This adjustment is the Guidelines' implementation of 18 U.S.C. § 3147 (1988), which mandates an enhanced sentence for offenses committed while on release. The District Court declined to make a two-level downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1, and imposed a sentence that included 108 months' imprisonment, the bottom of the applicable guideline range.

## II.

In declining to make a reduction for acceptance of responsibility, Judge Glasser identified two considerations, both relating to Rodriguez's commission of a second offense while on release from the first offense. First, he observed that acceptance of responsibility should reflect a disavowal of further criminal conduct and that such a disavowal "was obviously belied in this case by the subsequent commission of this offense within six months after the first one." Sentencing hearing at 6. Second, he stated:

> But I think the other logical reason for concluding that the government's position is correct is that to reach some other conclusion would, in effect, be r[ea]ding 3147 out of Title 18 because what you would be doing, you would be saying 3147 requires a three point enhancement where an offense has been committed while the defendant was on release [ ]or parole, probation, whatever, then you immediately reduce by two, so you have a one point enhancement because the defendant accepted his responsibility.

*Id.* The Judge concluded, "So I would be inclined—not inclined, I think *I am required* regardless of whatever my inclinations may[ ]be to agree with the government." *Id.* at 7 (emphasis added).

■ The Guidelines advise that a sentencing judge's decision as to an adjustment for acceptance of responsibility "is entitled to great deference on review," U.S.S.G. § 3E1.1 comment. (n. 5). *See United States v. Ibanez*, 924 F.2d 427 (2d Cir.1991). Normally, the determination to grant or withhold the adjustment is a factual finding, subject to review under the "clearly erroneous" standard. *See United States v. Irabor*, 894 F.2d 554, 557 (2d Cir.1990). However, to the extent that an application of the Guidelines is influenced by a mistaken view of the law, our review is plenary. *See United States v. Barone*, 913 F.2d 46, 50 (2d Cir.1990) (applying *de novo* standard of review to issues of law regarding Guidelines departure).

In this case, withholding of the two-level adjustment may well have been influenced by an incorrect view of the law. First, the three-level upward adjustment required by section 2J1.7 does not preclude a two-level downward adjustment under section 3E1.1. Though application of both adjustments yields a net increase of only one level, that does not mean that section 2J1.7 or its source, 18 U.S.C. § 3147, has been overriden. Of all defendants deserving a two-level reduction for acceptance of responsibility, those additionally subject to an upward adjustment required by section 2J1.7 will be placed in an offense level that is three levels higher than the level applicable to those not subject to this adjustment. If the acceptance of responsibility reduction is automatically withheld, an adjustment under section 2J1.7 would result in a five-level increase over the offense level otherwise applicable, rather than the three-level increase specified by the Sentencing Commission. Moreover, of all defendants raised three levels for committing the offense of conviction while on release from some prior charge, some defendants may well deserve the two-level adjustment for acceptance of responsibility and some may not; an individualized determination is required.

Second, apart from the three-level enhancement, the sentencing judge may have improperly withheld the acceptance of responsibility adjustment by the way in which he assessed the defendant's disavowal of future criminal conduct. Plainly, a relevant factor in deciding whether a defendant has accepted responsibility is a defendant's "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1 comment. (n. 1(a)). As several courts have ruled, the fact that a defendant commits a second crime after pleading guilty and while awaiting sentencing for a first offense is a relevant consideration in denying the acceptance of responsibility adjustment in selecting the sentence for that first offense. *See United States v. Sanchez*, 893 F.2d 679, 680–81 (5th Cir.1990); *United States v. Wivell*, 893 F.2d 156, 158–59 (8th Cir.1990); *United States v. Jordan*, 890 F.2d 968, 973–74 (7th Cir.1989). The second crime refutes the disavowal of future criminal activity implied by the guilty plea to the first crime. But Rodriguez was sentenced for his *second* crime, and no criminal activity followed his plea to that offense that could provide a basis for doubting his intention, at the time of that plea, to withdraw from criminal activity.

■ Nevertheless, the commission of his second crime was not irrelevant to the adjustment. Judge Glasser was entitled to conclude that the plea to the second crime was not to be understood as a good faith renunciation of future criminal activity in view of the defendant's committing a second offense while on release from the first offense. But the Judge could reach this conclusion only by assessing the bona fides of the defendant's disavowal of criminal activity at the time of the plea to the second crime. In other words, he could find that the plea to the *second* crime implied no disavowal of future crime, but he could not, as he may have, reject the adjustment because the defendant had been shown not to have disavowed criminal conduct in connection with his court appearance for the *first* crime.

The distinction is a fine one, but the withholding of the two-level adjustment may have turned on it, especially in a case where that withholding appears to have been decisively influenced by the incorrect view of the unavailability of the adjustment in any case to which section 2J1.7 applies.

For Rodriguez, a two-level adjustment could mean a reduction in the sentence of nearly two years.[1]

Though the Sentencing Guidelines have drawn some deserved criticism for their excessive detail, one virtue of the Guidelines is their identification and weighting of discrete factors influencing the extent of a sentence. A consequence of a regime assigning precise values to various factors is that sentencing judges must articulate their thinking concerning the factors relevant to a particular sentence. When a factor, if applicable, may add or subtract several levels to the base offense level, the ultimate sentence is significantly affected by any legal error as to whether that factor applies. In former times, it sufficed to say, "Taking everything into account, I think an appropriate sentence is nine years." Today that would not do.

This case illustrates the need for careful articulation of the consideration given to various sentencing factors. Though Judge Glasser may have intended to withhold the two-level adjustment in the permissible exercise of his discretion, believing that Rodriguez's guilty plea could not be taken as a disavowal of future criminal conduct, the sentencing remarks, understandably delivered without the precision that accompanies written findings, create too great a risk that the adjustment was withheld because of errors of law. We will therefore vacate the sentence and remand for resentencing, at which time the District Judge will have full opportunity to exercise his discretion, in light of this opinion, as to whether to grant or withhold a reduction for acceptance of responsibility.

Remanded for resentencing.

---

1. In Criminal History Category I, the range for offense level 31 is 108 to 135 months; for offense level 29, the range is 87 to 108 months. Though a sentence of 108 months is thus available for Rodriguez whether or not he receives the two-level adjustment, the *Bermingham* rule, permitting us to ignore a dispute as to a guideline factor, applies only where a sentencing judge has indicated that he would impose the same sentence regardless of which of two overlapping guideline ranges applies. *See United States v. Bermingham*, 855 F.2d 925, 934 (2d Cir.1988) ("As long as the sentencing judge is satisfied that the same sentence would have been imposed no matter which of the two guideline ranges applies, the sentence should stand."; case remanded for clarification of sentencing judge's intent).