101 F.3d 1393
 78 A.F.T.R.2d 96-6245
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Raymond J. WHALEN, Defendant-Appellant.
 No. 96-1107.
 United States Court of Appeals, Second Circuit.
 Aug. 14, 1996.
 
 Raymond J. Whalen appeals from a judgment of conviction entered on December 12, 1995, in the United States District Court for the Northern District of New York (McAvoy, J.).
 
 
 1
 Appearing for Appellant: James A. Resila, Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C., Albany, NY.
 
 
 2
 Appearing for Appellee: Michael C. Olmsted, Assistant United States Attorney, N.D.N.Y., Syracuse, NY.
 
 
 3
 N.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Present MESKILL, CALABRESI, PARKER, Circuit Judges.
 
 ORDER
 
 6
 Whalen pleaded guilty to tax fraud in violation of 26 U.S.C. § 7206 and conspiracy in violation of 18 U.S.C. § 371 stemming from his involvement in the sale of partnership interests in oil exploration. He was sentenced to 33 months incarceration, to be followed by 33 months supervised release in a judgment entered on February 6, 1996. Whalen challenges his conviction on four grounds, all of which we reject.
 
 
 7
 1. Conspiracy Plea. Whalen argues that the district court erred in accepting his guilty plea, because his plea to the conspiracy charge was not knowing and voluntary as required by Rule 11 of the Federal Rules of Criminal Procedure. Although the plea hearing transcript reveals evidence of some initial confusion with respect to the conspiracy charge, the district court acted appropriately to ensure that the confusion was cured before he accepted the plea. Because Whalen understood and voluntarily agreed to the factual basis for the charge and the nature of the charge before he pled guilty to it, his plea meets the requirements of Rule 11.
 
 
 8
 2. Motion to Withdraw Guilty Plea. Whalen contends that the district court wrongly denied his motion to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a plea for abuse of discretion. United States v. Figueroa, 757 F.2d 466, 475 (2d Cir.1985). Given that three months elapsed between his plea and the motion to withdraw, that Whalen does not maintain his innocence, and that he was fully informed of and understood his rights and the charges against him at the time he pleaded, we find that the district court did not abuse its discretion in finding that there were no valid grounds for withdrawing the plea agreement. The additional grounds he raises in his appeal--that the government violated an agreement with Whalen with respect to the terms of his sentencing hearing and that it would have been impossible for Whalen to raise his sentencing concerns in briefs as requested by the district court--are unsupported by the record.
 
 
 9
 3. Expert Witnesses. Whalen also claims that the district court erred in denying his requests to retain and call expert witnesses. The plea agreement, which Whalen and his counsel both signed, included paragraphs establishing the amounts of the improper drilling cost deductions taken by Whalen's clients. But Whalen argues that these paragraphs are undermined by a later paragraph stating that Whalen "does not agree with the estimation of the tax loss calculated by the United States." As a result, he asserts there was no agreement on the amounts of the deductions, and an expert was needed to help him establish the tax loss on which sentencing was to be based.
 
 
 10
 The district court found Whalen's proposed witnesses to be unnecessary as well as prohibitively expensive. We agree. It is undisputed that the total tax loss is a percentage of the amount of improper deductions taken. Whalen argues that he has consistently challenged the amount of the deductions. But the record supports the district court's finding that the plea agreement and Whalen's later statements suggest that Whalen's disagreement went to the percentage of the deductions that establishes the tax loss, and not the size of those deductions. Whatever might have been the case had the amounts of the deductions been in dispute, the experts were not "reasonably necessary" adequately to challenge the percentage that would determine the tax loss. See United States v. Durant, 545 F.2d 823, 827 (2d Cir.1976). For this reason, the district court did not err in refusing to allow the witnesses.
 
 
 11
 4. Sentencing Reductions. Whalen's final argument is that the district court improperly refused to grant a two point reduction in his Sentencing Guideline offense level for acceptance of responsibility at sentencing. The decision to withhold the level reduction for acceptance of responsibility is a factual finding subject to review for clear error. United States v. Rodriguez, 928 F.2d 65, 67 (2d Cir.1991). In this case, the district court's decision is well-supported by the record, and is therefore not clearly erroneous.
 
 
 12
 We have examined all of Whalen's contentions and found them to be without merit. The district court's judgment is affirmed.