**UNITED STATES of America,
Appellee,**

v.

**Jeffrey DARLING, Defendant–
Appellant.**

**No. 00–1353.**

United States Court of Appeals,
Second Circuit.

Jan. 11, 2001.

---

Daniel Nobel, New York, NY, for appellant.

Thomas J. Seigel, Assistant United States Attorney, Brooklyn, NY; Loretta E. Lynch, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief, for appellee.

Present FEINBERG, SOTOMAYOR, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Judge), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Jeffrey Darling ("Darling") appeals from a judgment of conviction and sentence of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*) convicting him of a violation of 18 U.S.C. § 1029(b)(2), (c)(1)(A) and sentencing him to 30 months incarceration.

On April 15, 1999, Darling and his co-defendants were charged with participating in a conspiracy involving the theft of information from databanks of the Social Security Administration, which defendants then used to engage in credit card fraud. On July 13, 1999, pursuant to a cooperation agreement, Darling entered a guilty plea to Count One of the indictment, which charged him with a conspiracy in violation of 18 U.S.C. 1029(b)(2).

Prior to sentencing, on December 6, 1999, Darling was arrested in Virginia and charged, *inter alia*, with having used a false identification card to obtain a Virginia driver's license. Darling ultimately plead guilty to this and several other charges.

Darling's Presentence Report ("PSR") recommended that Darling not receive any credit for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) or 3E1.1(b) because of his arrest in Virginia. Darling objected to this recommendation by letter dated March 31, 2000. On April 18, 2000, at Darling's sentencing hearing, the district court denied—without explanation—Darling's objection to the PSR's recommendation and sentenced Darling to 30 months incarceration. In its written Judgment of the same date, however, the district court explicitly adopted the PSR's factual findings and guideline applications. Darling filed a timely notice of appeal on the same date.

On appeal, Darling advances two arguments: (1) that the district court's determination not to give Darling any credit for acceptance of responsibility was based on an erroneous application of the Sentencing Guidelines; and (2) that this determination, in any event, was insufficiently supported by specific factual findings.

The gravamen of Darling's first argument is that the district court erred by failing to follow the Sixth Circuit's minority rule that criminal conduct "unrelated" to the offense of which the defendant has been convicted is irrelevant to a court's determination of acceptance of responsibility under Section 3E1.1 of the Guidelines. *See United States v. Morrison*, 983 F.2d 730, 735 (6th Cir.1993).

■ This argument is meritless because the district court quite properly followed this Court's contrary rule that "[i]f a defendant commits a second crime after pleading guilty to, and while awaiting sentencing for, a first offense, that is a relevant consideration in denying the acceptance-of-responsibility adjustment in selecting the sentence for that first offense." *United States v. Fernandez*, 127 F.3d 277, 285 (2d Cir.1997) (internal quotation marks omitted).[1] Darling has said

nothing that would incline us to replace this rule with the *Morrison* rule. In any event, a panel may not overturn a prior decision of this Court. *Mediators, Inc. v. Manney*, 105 F.3d 822, 828 (2d Cir.1997).[2]

■ Darling's second argument is that because the district court made no specific factual findings in support of its denial of an acceptance-of-responsibility downward adjustment, the court neither fulfilled its general responsibility to specify the bases of its sentencing decision, *see, e.g., United States v. Ortega*, 94 F.3d 764, 768 (2d Cir.1996); *United States v. Amato*, 46 F.3d 1255, 1263 (2d Cir.1995), nor fulfilled its specific obligation under Section 3E1.1 "to weigh the factors set forth in Application Note 1 [of Section 3E1.1] in order to apply the balancing mandated in Application Note 3 [of Section 3E1.1]."[3] Brief of Appellant, at 12.

This argument is meritless because it ignores an obvious alternative means by which a district court may specify the factual bases of its sentencing decisions: by explicitly adopting the factual findings of the PSR. *See United States v. Martin*, 157 F.3d 46, 50 (2d Cir.1998) ("A sentencing court satisfies its obligation to clearly resolve disputed sentencing issues if it indi-

---

1. Every other circuit that has explicitly addressed this issue—excepting the Sixth Circuit, of course—has likewise held that unrelated criminal conduct is relevant to a court's determination of acceptance of responsibility pursuant to Section 3E1.1. *See United States v. Prince*, 204 F.3d 1021, 1023–24 (10th Cir.), cert. denied, 529 U.S. 1121, 120 S.Ct. 1989, 146 L.Ed.2d 815 (2000); *United States v. Ceccarani*, 98 F.3d 126, 130–31 (3d Cir.1996); *United States v. Byrd*, 76 F.3d 194, 196–97 (8th Cir.1996); *United States v. McDonald*, 22 F.3d 139, 144 (7th Cir.1994); *United States v. Pace*, 17 F.3d 341, 343 (11th Cir.1994); *United States v. O'Neil*, 936 F.2d 599, 600–01 (1st Cir.1991); *United States v. Watkins*, 911 F.2d 983, 984–85 (5th Cir.1990).

2. Moreover, Darling's conviction for using a false identification card to obtain a Virginia

driver's license is arguably relevant conduct under the *Morrison* rule itself. The *Morrison* rule provides that criminal conduct is "related" conduct if, *inter alia*, it is "of the same type as the underlying offense." *Morrison*, 983 F.2d at 734. Darling plead guilty to conspiring to commit credit card fraud by using false identification information to help others obtain credit cards. This conduct is arguably "of the same type" as his later use of a false identification card to obtain a driver's license.

3. Application Note 1 provides:

In determining whether [the defendant clearly demonstrates acceptance of responsibility for his offense], appropriate considerations include, but are not limited to, the following:

cates, either at the sentencing hearing or in the written judgment, that it is adopting the *recommendations of the probation officer in the PSR.")* (internal quotation marks omitted). The district court's adoption in its written judgment of the PSR's recommendation that Darling not receive any credit for acceptance of responsibility satisfied its obligation to explain its decision not to grant a downward departure for acceptance of responsibility.[4]

For the reasons discussed, the district court's judgment is AFFIRMED.

(a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;

(b) voluntary termination or withdrawal from criminal conduct or associations;

(c) voluntary payment of restitution prior to adjudication of guilt;

(d) voluntary surrender to authorities promptly after commission of the offense;

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

(f) voluntary resignation from the office or position held during the commission of the offense;

(g) post-offense rehabilitative efforts (e.g., counseling or drug treatment); and

(h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

U.S.S.G. § 3E1.1, Application Note 1. Application Note 3 provides:

Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (*see* Application Note 1(a)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

U.S.S.G. § 3E1.1, Application Note 3.

4. We reject Darling's contention that this holding is contrary to *United States v. Rodriguez*, 928 F.2d 65 (2d Cir.1991). We remanded in that case "[b]ecause it appear[ed] that the District Judge might have erroneously thought he lacked discretion to accord an adjustment for acceptance of responsibility," *id.* at 66, not because we found that the district court had failed to make specific factual findings in support of its denial of a request for a two-level downward adjustment for acceptance of responsibility.