11-3083-cr
United States v. Sweeney

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve.

Present:
>    BARRINGTON D. PARKER,
>    PETER W. HALL,
>    J. CLIFFORD WALLACE,[*]
>
>          *Circuit Judges.*

United States of America,

>          *Appellee*,

>    v.                                                                        No.    11-3083-cr

Jacob Sweeney,

>          *Defendant - Appellant*.

FOR APPELLANT:            Richard H. Rosenberg (Michael K. Bachrach, *on the brief*), New York, N.Y.

---

[*] Judge J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

FOR APPELLEE:          Susan Corkery, Emily Berger, Assistant United States Attorneys, *of counsel*, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

_____

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Jacob Sweeney appeals from a judgment of the district court, upon his plea of guilty, convicting him of one count of bank robbery and one count of conspiracy to commit bank robbery, both in violation of 18 U.S.C. § 2113(a), and sentencing him to ninety-seven months' imprisonment, three years' supervised release, a special assessment of $200, and restitution of $11,100 to Washington Mutual Bank. Specifically, Sweeney argues that the district court erred in applying a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and in denying a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

We review a district court's sentence for reasonableness, ensuring first "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (stating that failing to calculate or improperly calculating the Guidelines range amounts to a "significant procedural error").

A defendant is subject to a two-level enhancement if "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with

2

respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct . . . ." U.S.S.G. § 3C1.1. This includes "providing materially false information to a judge." § 3C1.1, cmt. n.4(F). Defendant's statement at the plea proceeding that he never entered the bank amounted to an attempt "to obstruct or impede the administration of justice with respect to the investigation, prosecution, or sentencing" of Sweeney's offense of conviction.

Sweeney argues that, because he was criminally liable for the crimes to which he pled guilty regardless of whether he entered the bank, his lie was immaterial to the "issue under determination" at his plea allocution. § 3C1.1, cmt. n.6 (defining "[m]aterial" information as "information that, if believed, would tend to influence or affect the issue under determination"). Sweeney defines the "issue under determination" exclusively as "the sufficiency of his plea allocution." However, "[d]epending on its content and the context in which it is made, [] a lie can be regarded as an attempt by the defendant to affect (1) the sentence on the instant offense, or (2) the prosecution and investigation of the criminal activity that is described in the lie or, (3) possibly both." *United States v. McKay*, 183 F.3d 89, 92 (2d Cir. 1999). Here, the district court found that Sweeney was "aware of the potential sentencing consequences of denying his presence in the bank" at this plea allocution, a finding to which we owe "special deference" given that it was based on testimony before the district court. *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993). *Cf. McKay*, 183 F.3d at 92 (upholding the district court's "clear" finding that defendant's false statements were an attempt to affect his sentence). Therefore, Sweeney's argument that his false statement "was not material to the question of whether his allocution was sufficient to support a finding of guilt for his participation in the conspiracy . . . or the substantive bank robbery" is beside the point.

3

Sweeney also argues that "it cannot be said that [his] misstatements misled the court or actually obstructed justice in any way" because "the Government was at all times cognizant of [his] true role in the offense and affirmatively informed" the court that it was prepared to prove at trial that Sweeney in fact entered the bank. This argument is without merit. Section 3C.1.1 expressly applies to attempts to obstruct justice, *see* § 3C1.1, and "[t]he question is not whether the statement was in fact believed—since an enhancement for obstruction of justice necessarily contemplates that the obstruction must be discovered at some point—rather, it is whether, even assuming the statement is false, that false statement if believed would tend to affect [the defendant's] sentence." *United States v. Rodriguez*, 943 F.2d 215, 218 (2d Cir. 1991); *see also United States v. Echevarria*, 33 F.3d 175, 179 (2d Cir. 1994) ("[B]ecause § 3C1.1 expressly applies to attempts to obstruct justice . . . whether [defendant's] statements were ultimately unconvincing is irrelevant to the applicability of § 3C1.1."). This case is no different from *Echevarria*, 33 F.3d at 179, where the defendant falsely claimed at his plea hearing that he was a doctor. We rejected that defendant's argument that his lies at his plea hearing were "meaningless misstatements" and "gratuitous," and we reject Sweeney's identical argument here.

Turning to the district court's decision that Sweeney was not entitled to a reduction for acceptance of responsibility, a defendant who *clearly* demonstrates such acceptance is entitled to a three-level reduction. U.S.S.G. § 3E1.1. A district court's determination as to whether a defendant has clearly accepted responsibility is a factual question that will not be disturbed "unless it is without foundation." *United States v. Harris*, 13 F.3d 555, 557 (2d Cir. 1994) (internal quotation marks omitted). Since the district court is in the "unique position to evaluate a defendant's acceptance of responsibility," its determination "is entitled to great deference on review." § 3E1.1, cmt. n.5. We cannot conclude that the district court's decision to deny a

4

reduction for acceptance of responsibility was without foundation as the district court properly based its denial on three different considerations.

First, the district court concluded that Sweeney "provided materially false testimony during his plea allocution that he did not enter the bank branch and only drove the getaway car." Comment 1(A) to section 3E1.1 provides that a defendant is entitled to a reduction based on "truthfully admitting the conduct comprising the offense(s) of conviction . . . . However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." § 3E1.1, cmt. n.1(A). As Sweeney "sought to minimize or conceal the extent of his guilt by grossly misstating the facts," *United States v. Brennan*, 395 F.3d 59, 75 (2d Cir. 2005), and since he "fail[ed] to tell the whole truth about the crime for which he was charged and to which he pled guilty," *United States v. Reyes*, 13 F.3d 638, 640 (2d Cir. 1994), the district court properly denied the reduction on this basis alone.

Second, the district court concluded that Sweeney's attempt to convince the court that his lawyer had instructed him to plead to driving the get-away car but never entering the bank amounted to a "blame game" that undermined his assertion that he accepted responsibility, given the court's conclusion that his lawyer's contradicting testimony on this issue was credible. The district court "may deny [the reduction] if it determines . . . that the defendant's claim that she accepted responsibility for the offense of conviction is not credible." *United States v. Defeo*, 36 F.3d 272, 277 (2d Cir. 1994) (citing *United States v. Reyes,* 9 F.3d 275, 280 (2d Cir. 1993)).

Third, the district court concluded that Sweeney's conduct was inconsistent with acceptance of responsibility when he twice tested positive for marijuana use and, after the court's admonition to stop, tested positive again. The fact that Sweeney tested positive for drug

5

use and violated the terms of his release is "ample evidence of conduct inconsistent with acceptance of responsibility . . . [and] provided ample support for the district court's denial of a two level reduction . . . under Sentencing Guidelines § 3E1.1." *Harris*, 13 F.3d at 557; *see also United States v. Olvera*, 954 F.2d 788, 792-93 (2d Cir. 1992) (upholding the district court's determination that a defendant was not entitled to the reduction when that defendant attempted to smuggle marijuana into prison because "'the fact that a defendant commits a second crime after pleading guilty and while awaiting sentencing for a first offense is a relevant consideration in denying the acceptance of responsibility adjustment'" (quoting *United States v. Rodriguez,* 928 F.2d 65, 67 (2d Cir. 1991)).

In sum, the district court correctly determined that Sweeney engaged in continued conduct—from lying during his plea, to blaming his lawyer for his own misstatements, to using drugs in violation of his conditions of release—"that bespeaks a lack of sincere remorse." *Defeo*, 36 F.3d at 277 (internal quotation marks omitted) ("The district court's refusal to grant [defendant] such credit was amply supported . . . by her failure to report to pretrial services, her continued use and possession of heroin, and her attempt to pass off another person's urine as her own in order to avoid detection of her continued use of heroin."). We have considered the remainder of Sweeney's arguments and find them to be without merit. Accordingly, the decision of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6