United States v. Praddy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand fifteen.

PRESENT:  JOHN M. WALKER, Jr.,
              GERARD E. LYNCH,
              RAYMOND J. LOHIER, Jr.,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                *Appellee*,

      v.                        No.    14-1550

ANTHONY PRADDY, AKA Birdman,

                *Defendant-Appellant,*

TORELL WHYTE, AKA Terror,
KIOND JONES, AKA Kion, AKA Kiond Hing,

                *Defendants*.

_____

**FOR APPELLANT:**        MITCHELL JOEL DINNERSTEIN, New York, NY.

**FOR APPELLEE:**        SETH D. DuCHARME, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Frederic Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Anthony Praddy appeals his sentence of 97 months, imposed on remand from the Court's prior decision in this case, United States v. Praddy, 725 F.3d 147 (2d Cir. 2013), for one count of participation in a drug-distribution racketeering enterprise, 18 U.S.C. § 1962(c), two counts of conspiracy, 18 U.S.C. § 1962(d); 21 U.S.C. § 846, and four counts of distribution of marijuana, 21 U.S.C. § 841(a)(1). We assume the parties' familiarity with the facts and procedural history, and reference them only as necessary to explain our reasoning.

Praddy challenges his sentence as procedurally unreasonable on several grounds. First, he argues that the district court erred in imposing a two-level Guideline enhancement for the possession of a firearm under U.S.S.G. § 2D1.1(b)(1). In our prior decision, we held that Praddy's possession of a gun in 2004 was outside the five-year statute of limitations period for the offense of using a firearm in the furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), and we accordingly vacated Praddy's conviction for that offense. Praddy, 725 F.3d at 159. But unlike exposure to criminal prosecution, a district court's consideration of relevant conduct for the purpose of *sentencing* for a continuing offense that continues into the limitations period is not limited by the statute of limitations. See United States v. Silkowski, 32 F.3d 682, 688 (2d Cir. 1994) (refusing to

2

limit relevant conduct Guideline for ongoing or continuous conduct to "acts that are part of the same course of conduct committed within the period covered by the applicable statute of limitations"); see also United States v. Payne, 591 F.3d 46, 69 (2d Cir. 2010) (noting the same for conspiracy and racketeering). In this case, "there was clear evidence that Praddy possessed a gun during and in relation to his marijuana selling activity in 2004," Praddy, 725 F.3d at 156, and that he "continued to sell marijuana," id. at 159, as part of the same conspiracy and pattern of racketeering that ultimately formed the basis for his subsequent convictions. Therefore, although Praddy's possession of a firearm in 2004 was outside the statute of limitations for a conviction under § 924(c), it was properly considered relevant conduct for sentencing.[1]

Second, Praddy argues that the district court erred in imposing a two-level Guideline enhancement for obstructing the administration of justice, based on the district court's conclusion that Praddy perjured himself during his trial. Praddy argues that his supposedly perjurious statements – testifying that the day of his arrest in 2004 was the only time he carried a gun and denying that he possessed marijuana that day – were immaterial because, respectively, our prior decision rendered the gun possession

---

[1] Praddy also argues that the district court should have given him credit, in the form of a downward departure under U.S.S.G. § 5K2.23, for his discharged term of imprisonment for the 2004 firearm offense. But like all refusals to downwardly depart, the refusal to depart downward here is unappealable unless the court "misapprehended the scope of its authority to depart or the sentence was otherwise illegal." United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005). As there is no indication in the record that the district court so erred, Praddy's § 5K2.23 argument is unavailing.

irrelevant to the offense of conviction, and he admitted several marijuana sales in his testimony.  U.S.S.G. § 3C1.1 provides:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or *sentencing* of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction *and any relevant conduct*; or (B) a closely related offense, increase the offense level by 2 levels.

Id. (emphases added).  Both the gun possession and the amount of marijuana Praddy personally trafficked were relevant conduct, and to the extent the district court found that his perjury attempted to minimize his culpability by false testimony about those subjects, the obstruction of justice enhancement properly applies based on Praddy's willful attempt to obstruct the administration of justice with respect to his sentencing.  See United States v. Sweeney, 485 F. App'x 468, 470 (2d Cir. 2012) (summary order) (holding that defendant's statement that he did not enter bank, while immaterial to criminal liability for bank robbery, could have potential sentencing consequences, and therefore obstruction enhancement applied); see also United States v. McKay,183 F.3d 89, 92 (2d Cir. 1999).

Finally, Praddy argues that he should have received the benefit of a Guideline reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, because he conceded his participation in some marijuana dealing at trial.  Although electing to go to trial "does not automatically preclude a defendant from consideration" for a sentence adjustment for acceptance of responsibility, see id., cmt. n.2, Praddy's argument ignores the district court's finding that he committed perjury at trial.  Based on this finding, the district court

4

was well within its discretion to refuse to apply the acceptance of responsibility adjustment.  See id., cmt. n.4 ("Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.").

We have considered Praddy's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk