**UNITED STATES of America,**
**Appellee,**

v.

**Yusef BLOCKER, Defendant–**
**Appellant.**

**No. 05–4268–cr.**

United States Court of Appeals,
Second Circuit.

March 18, 2008.

Christopher S. Ciaccio, Rochester, New York, for Defendant–Appellant.

Kathleen M. Mehltretter, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, New York, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. BRIAN M. COGAN, District Judge.[1]

### SUMMARY ORDER

Defendant–Appellant Yusef Blocker was convicted, following a jury trial, of three counts in a six-count superceding indictment: (1) possession with the intent to distribute five or more grams of cocaine base on June 14, 2003—a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); (2) the same violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) on May 7, 2004; and (3) possession with intent to distribute cocaine on May 7, 2004—a violation of 21 U.S.C. §§ 841(a)(1) and

---

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

841(b)(1)(C). He subsequently pleaded guilty, without a plea agreement, to a fourth violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) on October 3, 2002. Familiarity by the parties is assumed as to the facts, the procedural context, and the issues on appeal.

On appeal, Blocker challenges the district court's sentence of 186 months of imprisonment and five years of supervised release, alleging that: (1) the district court's denial of Blocker's suppression motion was erroneous because there was no probable cause for his June 14, 2003 arrest; (2) he was entitled to an acceptance of responsibility adjustment; and (3) his trial counsel was ineffective because his lawyer failed to request discovery materials or a probable cause hearing that would, ostensibly, have permitted Blocker to challenge the existence of probable cause for his October 3, 2002 arrest.

■ Blocker's first claim is meritless because there was clearly probable cause for his June 14, 2003 arrest. On that day, a police officer noted a white 245 Infiniti automobile parked in a driveway at 18 Thurston Road in Rochester, New York, matching the description provided by a confidential informant of a vehicle allegedly used by Blocker for drug trafficking. The police officer maintained his surveillance, later seeing Blocker and his codefendant leave 18 Thurston Road to conduct what appeared to be a drug sale. The officer testified that he witnessed Blocker's codefendant apparently acting as a lookout, and then saw another male approach and provide Blocker with U.S. currency in exchange for an object the officer could not see.

The officer testified that he believed this exchange was "a hand-to-hand drug transaction between Mr. Blocker and the unidentified male." App. at 150. He based this view on his experience, including his participation in approximately 100 narcotics arrests, his observation of over 100 "open air" or "open market" drug sales—in roughly thirty of which, the officer was subsequently able to confirm that drugs had in fact been exchanged—his familiarity with the 18 Thurston Road site's location in "a high drug area," *id.* at 146, and his prior contacts with the suspects. The officer proceeded to follow Blocker and his companion in an unmarked car, and called for a marked vehicle to stop the white Infiniti after witnessing the driver of the Infiniti commit two traffic violations. After stopping the Infiniti, officers in the marked vehicle searched Blocker and found cocaine base in his boot.

The confidential informant's tip regarding the white 245 Infiniti was hardly the sole basis for the undercover officer's suspicion. The officer's subsequent observations, as well as his experience, transformed that suspicion into probable cause. Considering his observations and experience together, we have little difficulty agreeing with the district court's conclusion that the "totality of the circumstances" provided probable cause for Blocker's arrest. *See United States v. Gagnon,* 373 F.3d 230, 236 (2d Cir.2004).

■ Blocker's second claim is that his belated guilty plea to the first count in the six-count superceding indictment (in the absence of an agreement with the government) entitled him to a two-level sentence reduction under the United States Sentencing Guidelines ("U.S.S.G.") for his acceptance of responsibility. We cannot agree.

In view of the fact that Blocker's guilty plea came only after his conviction on three related counts of drug possession, *see* U.S.S.G. § 3E1.1 cmt. n. 1(h) (noting "timeliness of the defendant's conduct in manifesting the acceptance of responsibili-

ty" as a factor relevant to assessing eligibility for reduction), as well as the fact that one of those counts was for Blocker's drug possession while he was on pretrial release, we cannot say that the district court's denial of the acceptance of responsibility reduction was "without foundation." *United States v. Taylor*, 475 F.3d 65, 68 (2d Cir.2007) (quotation marks omitted).

Blocker's third argument is that his trial counsel was ineffective due to his lawyer's failure to request discovery materials or a probable cause hearing that would, ostensibly, have permitted Blocker to challenge the existence of probable cause for his October 3, 2002 arrest. Blocker now claims—somewhat awkwardly, through the same lawyer who represented him at trial—that "[t]here can be no conceivable legal strategy for not insisting on discovery," Appellant's Br. at 24, and "no reasonable legal strategy which would have justified not requesting a probable cause hearing," *id.* at 25.

■ Blocker's ineffectiveness claim relating to his counsel's failure to request a probable cause hearing has been waived twice—first by Blocker's trial counsel, and later, due to Blocker's guilty plea. Blocker's counsel waived the claim that Blocker's October 3, 2002 arrest was conducted without probable cause at a January 4, 2005 hearing in the district court, when the lawyer made clear that Blocker was not challenging the probable cause for his October 3, 2002 arrest. Blocker provides no basis for us to second-guess the strategy underlying that concession. *See Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.") (quotation marks omitted).

Blocker also waived his ineffectiveness claim by pleading guilty to the drug possession charge arising from his October 3, 2002 arrest. By virtue of that plea, Blocker waived any constitutional challenges to the drug possession charge that he may have had prior to entering into the plea, barring a challenge to the voluntary or intelligent nature of the plea itself. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Such a defendant ordinarily "may only attack the voluntary and intelligent character of the guilty plea." *Id.* Here, however, Blocker has not claimed that his plea was either involuntary or unknowing.

■ As for Blocker's ineffectiveness argument relating to his entitlement to discovery of the "arrest packet" that allegedly provided the Rochester Police Department with probable cause for his October 3, 2002 arrest, we note the parties' disagreement as to whether the packet was in fact provided to Blocker. While the government argues that it provided the packet to Blocker in a letter to his counsel on July 19, 2004—well in advance of Blocker's April 12, 2005 guilty plea—Blocker maintains that he did not receive it. In light of this disputed issue of fact, our "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Salameh*, 152 F.3d 88, 161 (2d Cir.1998), and the fact that Blocker's same counsel at trial now advances Blocker's ineffectiveness claim on appeal, *see United States v. Williams*, 205 F.3d 23, 35 (2d Cir.2000) (noting the presence of "new counsel on appeal" as one of the elements in a limited set of circumstances that might permit an ap-

pellant to raise an ineffectiveness claim on direct appeal), we decline to rule on this aspect of Blocker's ineffectiveness claim, despite our discretion to do so. This claim—even if it was not waived by Blocker's guilty plea—should be raised by Blocker in a collateral proceeding pursuant to 28 U.S.C. § 2255. *United States v. Leone,* 215 F.3d 253, 256 (2d Cir.2000).

With the exception of Blocker's ineffective assistance claim relating to discovery of the arrest packet, which—even if not waived—we decline to review on direct appeal, we have considered all of his contentions and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.