SUMMARY ORDER

Santos Acevedo-Garcia appeals from a judgment of the United States District Court for the District of Connecticut (Thompson, J.) sentencing Acevedo-Garcia to 135 months’ imprisonment after he pled guilty to selling firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and possessing a firearm while a convicted felon in violation of 18 U.S.C. § 922(g)(1). When the district court discovered that Acevedo-Garcia had given a false name during his plea eollo *98 quy, thereby failing to disclose additional criminal history as well as the fact that he was a fugitive from justice, the district court declined to apply a two-level downward adjustment for acceptance of responsibility under United States Sentencing Guidelines (U.S.S.G.) § 3E1.1 and imposed a two-level upward adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1. On appeal, Acevedo-Garcia argues that he is entitled to a two-level downward adjustment. We assume the pai’ties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
“[A] district court’s decision not to grant a defendant a Section 3E1.1 adjustment [for acceptance of responsibility] is ‘entitled to great deference on review.’ ” United States v. Taylor, 475 F.3d 65, 68 (2d Cir.2007) (per curiam) (quoting U.S.S.G. § 3E1.1 cmt. n. 5). “Whether the defendant has accepted responsibility is a factual question, and a district court’s determination in this regard should not be disturbed unless it is without foundation.” Id. (quotation marks and alterations omitted).
Acevedo-Garcia pled guilty under a false name that obscured his true criminal history. The district court imposed a two-level upward adjustment for obstruction on the basis of that conduct, and Acevedo-Garcia has not challenged the upward adjustment on appeal. “Conduct resulting in an enhancement under § 3C1.1 [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.” U.S.S.G. § 3E1.1 cmt. n. 4; see also United States v. Defeo, 36 F.3d 272, 277 (2d Cir.1994) (“The Guidelines state that it is rare that a defendant should be granted a reduction in offense level for acceptance of responsibility when the court has deemed it appropriate to increase her offense level for obstruction of justice.”).
Acevedo-Garcia argues that he is nonetheless entitled to a downward adjustment for acceptance of responsibility. He argues that the district court failed to consider the fact that he chose to plead guilty rather than force the government to proceed to trial. But “[a] guilty plea does not, by itself, entitle a defendant to a reduced sentence under § 3E1.1.” United States v. Irabor, 894 F.2d 554, 557 (2d Cir.1990); see also U.S.S.G. § 3E1.1 cmt. n. 3 (“A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.”). Nor has Acevedo-Garcia identified any circumstance that would render his case one of those “extraordinary cases” mentioned in Note 4 to § 3E1.1 in which a downward adjustment for acceptance of responsibility is warranted notwithstanding the imposition of an upward adjustment for obstruction of justice. Instead, Acevedo-Garcia merely argues that the district court failed to engage in an adequate analysis of whether the case was extraordinary. But a defendant who seeks to take advantage of a sentencing adjustment bears the burden of establishing his entitlement thereto, see United States v. Smith, 174 F.3d 52, 55-56 (2d Cir.1999), and Acevedo-Garcia’s failure to identify any facts that would render his case extraordinary defeats his claim that the district court erred when it declined to grant the downward adjustment.
Accordingly, we hereby AFFIRM the judgment of the district court.