10-4534-cr
United States v. Gonzalez

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand eleven.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                        No. 10-4534-cr

RUDI GONZALEZ,

> *Defendant-Appellant.*

FOR APPELLEE:                    Rachel Altfest, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *of counsel*) *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT        Curtis J. Farber, Esq.,
RUDI GONZALEZ:                 New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Rudi Gonzalez appeals from the district court's amended judgment entered on November 1, 2010, convicting him, following his plea of guilty to a Superseding Information, of participating in a conspiracy to distribute five kilograms and more of cocaine and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 846 (Count One); distributing and possessing with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A) (Count Two); and distributing and possessing with the intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A) (Count Three). On appeal, Gonzalez challenges the district court's decision to deny him a three-point adjustment for acceptance of responsibility, arguing that the district court erred by failing to make any findings of fact when it made this determination. We assume the parties' familiarity with the underlying facts and procedural history in this case.

After pleading guilty in March 2000, Gonzalez fled to the Dominican Republic where he remained for nine years until his arrest in July 2009. At the initial sentencing hearing in November 2009, the district court adopted the Pre-Sentence Report ("PSR") guidelines calculations which, *inter alia*, factored in a two-level upward adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and Application Note 4(e)[1], as a result of Gonzalez fleeing

_____

[1] Application note 4 to U.S.S.G. § 3E1.1 (acceptance of responsibility) provides that conduct resulting in enhancement under § 3C1.1 (obstructing the administration of justice) "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.

the court's jurisdiction. The PSR also stated that Gonzalez was not entitled to a downward adjustment for acceptance of responsibility:

> Pursuant to § 3E1.1, Application Note 4, conduct resulting in an enhancement under § 3C1.1 (Obstruction of Justice) ordinarily indicates that the defendant has not accept[ed] responsibility for his criminal conduct. While there may be extraordinary circumstances under which both § 3C1.1 and § 3E1.1 apply, such circumstances have not been made known to this officer by the defendant, defense counsel, or the Government. Therefore, at this time, we do not believe an adjustment for acceptance of responsibility is applicable in this case.

The Probation Office also highlighted the fact that Gonzalez was "involved in at least one large drug transaction[ ], and . . . remained a fugitive for approximately nine years. Based on his actions following his bail release, it is apparent that Gonzalez did not accept responsibility for his illegal conduct." At sentencing, Gonzalez requested a below-guidelines sentence, arguing that he qualified for safety-valve relief. The district court adopted the PSR guidelines calculations, which did not discuss safety-valve relief, but downwardly departed and sentenced Gonzalez to concurrent terms of 216 months' imprisonment. Gonzalez appealed, arguing that the district court erred by denying him safety-valve relief because he had been a fugitive. Upon the Government's motion, this Court vacated the sentence and remanded for resentencing in June 2010.

Gonzalez was resentenced in October 2010. At the hearing, Gonzalez again argued that he was eligible for safety-valve relief, and the government agreed. He also argued for the first time that he should be awarded a three-point adjustment for acceptance of responsibility—even though he did not dispute the two-level increase for obstruction of justice. He contended that

There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 apply." U.S.S.G. § 3E1.1, cmt. 4.

safety-valve relief constituted the kind of extraordinary circumstances required under § 3E1.1 application note 4, that he had not fought extradition, and that he had attempted to cooperate with the government, although the government was unable to use his information.

The government objected to Gonzalez's request for acceptance of responsibility credit based on his eligibility for safety-valve relief and asserted that the only extraordinary circumstance in this case was Gonzalez's abuse of trust in obtaining bail and then fleeing the country for nine years. The district court expressed skepticism at Gonzalez's acceptance of responsibility arguments, noting that Gonzalez had been gone for nine years and never telephoned his attorney, that his decision not to fight extradition occurred after the marshals picked him up, and that his latest efforts at cooperation had been hampered by his time as a fugitive.

In resentencing Gonzalez, the district court commented that he had considered the "original probation report" and the provisions of 18 U.S.C. § 3553(a). He stated: "I find the defendant, having fled while on bail and being a fugitive for nine years, that this in great measure negated any possible cooperation that he was attempting to supply." He found Gonzalez's total offense level was 36 (as a result of the safety-valve reduction) and sentenced Gonzalez, once again, to 216 months, to run concurrently on the three counts. The Judge also noted that he was not obliged to impose a sentence below the mandatory minimum simply because a defendant qualified for safety-valve relief.

On appeal, Gonzalez asserts that the district court did not make any explicit findings with respect to his argument that he was entitled to an acceptance of responsibility adjustment because this was an "extraordinary case" in light of the safety-valve relief he received and his

other circumstances.  He claims that the court's rejection of his argument was only apparent

from the offense level he received, which did not reflect acceptance of responsibility credit.  He

submits that where a court fails to make factual findings in support of its determination,

including a credibility finding, appellate review is effectively precluded and remand is required

so that those factual findings may be made.  Gonzalez mainly relies on *United States v. Jeffers*,

329 F.3d 94 (2d Cir. 2003), which provides that a court must "clearly state its resolution of any

disputed factors predicated upon its [factual] findings," *id.* at 102 (internal quotation marks

omitted), when making a determination that a defendant does not meet the criteria for a

downward adjustment.

The government responds that the district court adequately addressed Gonzalez's

arguments in favor of the acceptance of responsibility adjustment, and Gonzalez's arguments are

meritless.

Ordinarily,

> a district court's decision not to grant a defendant a section 3E1.1 adjustment is
> "entitled to great deference on review."  U.S. Sentencing Guidelines Manual §
> 3E1.1 cmt. n.5.  "Whether the defendant has accepted responsibility is a factual
> question, and '[a] district court's determination in this regard should not be
> disturbed unless it is 'without foundation.'"

*United States v. Taylor*, 475 F.3d 65, 68 (2d Cir. 2007) (per curiam) (quoting *United States v.*

*Harris*, 13 F.3d 555, 557 (2d Cir. 1994)).  When a sentencing court resolves disputed issues of

fact, it is required to state its factual findings "with sufficient clarity to permit appellate review."

*United States v. Gambino*, 106 F.3d 1105, 1111 (2d Cir. 1997) (internal quotation marks

omitted).  A court may, however, "rely upon and incorporate into its judgment the factual

assertions set forth in the PSR."  *Jeffers*, 329 F.3d at 102; *accord United States v. Martin*, 157

F.3d 46, 50 (2d Cir. 1998) ("A sentencing court satisfies its obligation to clearly resolve disputed sentencing issues if it indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations of the probation officer in the PSR.") (internal quotation marks omitted). "Further factual findings will be required where we are unable to discern from the record the basis of the district court's ruling." *Gambino*, 106 F.3d at 1111. A refusal to grant a reduction for acceptance of responsibility "should not be disturbed unless it is without foundation." *United States v. Lanese*, 890 F.2d 1284, 1292 (2d Cir. 1989) (internal quotation marks omitted).

Here, although the district court could have been more explicit, it plainly adopted the PSR's findings at the original sentencing hearing in November 2009: "I find that the total guideline level of 38, as found by the probation department, is the appropriate guideline level." The court also adopted the PSR's findings at the resentencing hearing, although it reduced the offense level by two points based on Gonzalez's safety-valve eligibility: "I have considered the original probation report[.]" *See Martin,* 157 F.3d at 50 ("Although the court did not say in so many words: 'I am adopting the findings in the PSR,' this was the court's obvious intent[.]"). In at least two places, the PSR referred to Gonzalez's failure to accept responsibility for his conduct, in particular by absconding and remaining a fugitive for nine years. It also stated that no extraordinary circumstances had come to the Probation Office's attention that would permit acceptance of responsibility credit in this case where Gonzalez also received an obstruction of justice enhancement.

At resentencing, the court found that "having fled while on bail and being a fugitive for nine years, that this in great measure negated any possible cooperation that [Gonzalez] was

-6-

attempting to supply." While the court did not make a specific credibility finding when denying the motion for acceptance of responsibility, phrasing its factual finding in terms of cooperation, the court clearly found it significant that Gonzalez fled the jurisdiction and was a fugitive for nine years as militating against any additional sentencing consideration. Further, the transcript reveals the court's skepticism at Gonzalez's attempt to put his having absconded in a positive light, his alleged rationale for doing so, and his supposed willingness to return to this country.

The district court's adoption of the PSR is sufficient to resolve the asserted factual issue of whether the kind of special circumstances existed in this case that would allow an adjustment for acceptance of responsibility even when Gonzalez received a two-level enhancement for obstruction of justice. The findings in the PSR, coupled with the Judge's remarks during sentencing, permit adequate appellate review.

While the district court could have engaged in more fact-finding—linking in explicit terms its refusal to grant a downward departure for acceptance of responsibility to Gonzalez fleeing the country and being a fugitive—the record and PSR provide sufficient factual detail to enable this Court to review the district court's decision to deny acceptance of responsibility credit. *See generally Jeffers*, 329 F.3d at 102 ("[T]he record sufficiently explains the rationale for the District Court's denial of [defendant's] motion [for acceptance of responsibility], and although the PSR was prepared prior to [defendant's] proffer, we find no extraordinary circumstance that would have counseled a different result."). Accordingly, we conclude that the district court did not commit clear error in determining that Gonzalez did not meet the criteria that would entitle him to credit for acceptance of responsibility, and thus did not abuse its discretion in imposing the sentence that it did. *See id.* at 101.

-7-

Accordingly, for the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk