10-2833-cr
United States v. Soto-Pena

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 3rd day of February, two thousand twelve,

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
                   *Circuit Judges*.[1]

_____

UNITED STATES OF AMERICA,

                                          *Appellee*,

             -v-                                                    10-2833-cr

RAMON SOTO-PENA,

                                          *Defendant-Appellant*.

_____

Appearing for Appellee:        Nicholas L. McQuaid, Katherina Polk Failla, Assistant United
                               States Attorneys (of counsel), *for* Preet Bharara, United States
                               Attorney for the Southern District of New York, New York, N.Y.


Appearing for Appellant:       Lawrence Sheehan, Bronx, N.Y.

_____

[1]Judge Debra Ann Livingston, a member of the original panel recused herself. Therefore,
this case is decided by the two remaining members of the panel pursuant to Second Circuit
Internal Operating Procedure E(b), formerly Section 0.14(b) of the Local Rules of the United
States Court of Appeals for the Second Circuit.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Ramon Soto-Pena pleaded guilty to one count of conspiring to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846, and one count of unlawful reentry after having been deported, in violation of 8 U.S.C. § 1326(a). He was sentenced principally to 128 months' imprisonment. He now appeals from his June 17, 2010 judgment of conviction. On appeal, Soto-Pena asserts that the district court erred in imposing an obstruction of justice enhancement and in denying an acceptance of responsibility credit when determining his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Appellant first appeals the imposition of an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1. "The imposition of an obstruction-of-justice enhancement is subject to a mixed standard of review. We review de novo the sentencing court's interpretation of the Sentencing Guidelines but review its related findings of fact only for clear error." *United States v. Fiore,* 381 F.3d 89, 92 (2d Cir. 2004) (internal citation and quotation marks omitted). To qualify for the enhancement based on perjury, "a sentencing court must find that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997). In imposing this enhancement, the district court found that during a *Fatico* hearing, appellant committed perjury by intentionally making materially false statements. We find no merit to his argument that the statements were not material. As to his arguments that they were not false, the district court's credibility determination cannot be upended without more than appellant's mere assertions. The district court's determination that Soto-Pena gave false testimony was not clear error, and so we decline to disturb it. Accordingly, we affirm the district court's decision to apply the obstruction enhancement.

Appellant also challenges the district court's denial of credit for acceptance of responsibility under U.S.S.G. § 3E1.1. The Guidelines indicate that an obstruction of justice enhancement, like the one appellant received, "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, cmt. note 4. "Ordinarily, a district court's decision not to grant a defendant a section 3E1.1 adjustment is entitled to great deference on review. Whether the defendant has accepted responsibility is a factual question, and [a] district court's determination in this regard should not be disturbed unless it is without foundation." *United States v. Taylor*, 475 F.3d 65, 68 (2d Cir. 2007) (per curiam) (internal citation and quotation marks omitted). The district court's decision here was well founded. Though appellant may have, as he argues, "cooperated and aided in the arrest of a co-conspirator," he also kept to himself significant testimony about another major drug dealer with whom he dealt until he thought it benefitted him to reveal it. He also minimized his own conduct, significantly downplaying to the government the number of previous drug transactions

with which he had been involved. The district court's determination that he "minimized up to the very end" was not unwarranted on this record. Appellant provides no basis for us to disregard the district court's determination or to find it erroneous in any way. There was no error in the district court's denial of the credit for acceptance of responsibility.

We have examined appellant's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk