12-2051-cr
United States v. Schulze

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                    **<u>Chief Judge</u>,**
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
                    **<u>Circuit Judges</u>.**

- - - - - - - - - - - - - - - - - - - - - - -X

**UNITED STATES OF AMERICA,**
        **<u>Plaintiff-Appellee</u>,**

        **-v.-**                              **12-2051-cr**

**CHRISTOPHER SCHULZE,**
        **<u>Defendant-Appellant</u>,**
- - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**            David A. Lewis, Federal
                             Defenders of New York, Inc., New
                             York, New York.

**FOR APPELLEES:**            Marcia S. Cohen, (Katherine Polk
                             Failla, <u>on the brief</u>), <u>for</u> Preet
                             Bharara, United States Attorney

1

for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Christopher Schulze appeals from the judgment of the United States District Court for the Southern District of New York (Preska, C.J.), sentencing him to 262 months' imprisonment after he pleaded guilty to attempting to solicit a minor to engage in sexual acts and to possessing child pornography. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[A] district court's decision not to grant a defendant a section 3E1.1 adjustment [for acceptance of responsibility] is 'entitled to great deference on review.'" United States v. Taylor, 475 F.3d 65, 68 (2d Cir. 2007) (quoting U.S.S.G. § 3E1.1 cmt. n.5). "Whether a defendant has carried his burden to demonstrate acceptance of responsibility is a factual question on which we defer to the district court unless its refusal to accord such consideration is without foundation." United States v. Broxmeyer, 699 F.3d 265, 284 (2d Cir. 2012) (internal quotation marks omitted) (citing Taylor, 475 F.3d at 68).

1.  Judge Preska's finding that Schulze had not accepted responsibility was based on a thoughtful analysis of the circumstances of the case, including instances in which Schulze claimed that he thought he had been "role playing" with an adult. We therefore reject Schulze's argument that Judge Preska's finding was "without foundation."

2.  That Judge Robinson concluded that Schulze was entitled to the acceptance-of-responsibility adjustment at the first sentencing is of no matter. "[W]hen a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced." United States v. Maldonado, 996 F.2d 598, 599 (2d Cir. 1993) (per curiam).

For the foregoing reasons, and finding no merit in Schulze's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK