16-861-cr
*United States v. Gilleo*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                    *Circuit Judges*,
            VICTOR MARRERO,
                    *District Judge.*[*]

---

UNITED STATES,

                    *Appellee*,                          16-861-cr

            v.

SHANE GILLEO,

                    *Defendant-Appellant.*

---

**FOR APPELLEE:**                          Won S. Shin and Michael Ferrara,
                                           Assistant United States Attorneys, *for*
                                           Preet Bharara, United States Attorney for
                                           the Southern District of New York, New
                                           York, NY.

---

[*] Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**　　　　　　Randa D. Maher, Law Office of Randa D. Maher, Great Neck, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Shane Gilleo ("Gilleo") appeals from a March 18, 2016 judgment of conviction. On December 1, 2015, Gilleo pleaded guilty to committing Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2. On February 19, 2016, the District Court conducted a *Fatico* hearing to resolve the parties' dispute concerning whether Gilleo used a firearm or a dangerous weapon in the course of the robbery, and whether Gilleo brandished or otherwise used the weapon. In a March 9, 2016 Opinion & Order, the District Court found that Gilleo had brandished a firearm during the robbery.[1] The District Court imposed a 78-month term of imprisonment on March 16, 2016.

On appeal, Gilleo asserts that the District Court erred by (1) increasing his Sentencing Guidelines offense level for brandishing a firearm (rather than a dangerous weapon) during the robbery; (2) increasing his Guidelines offense level for obstruction of justice; (3) denying a reduction of his Guidelines offense level for acceptance of responsibility; and (4) failing to reopen the *Fatico* hearing to receive additional evidence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, each of Gilleo's four arguments on appeal lacks merit.

## A. Brandishing a Firearm

Gilleo first argues that the District Court erred by applying a five-level enhancement to his Guidelines offense level for brandishing a firearm during the robbery pursuant to U.S.S.G. § 2B3.1(b)(2)(C). Gilleo argued at his *Fatico* hearing that he merely used a BB gun, which merited only a three-level enhancement for brandishing or possessing a dangerous weapon (as opposed to a firearm). *See id.* § 2B3.1(b)(2)(E). The District Court ultimately found that Gilleo did indeed brandish a firearm, not a BB gun.

---

[1] After sentencing, the District Court issued a corrected Opinion & Order on March 18, 2016 to clarify the timeline of the victim's experience with BB guns.

Whether a firearm was used by Gilleo during the robbery is a question of fact. *See United States v. Johnson*, 378 F.3d 230, 241–42 (2d Cir. 2004). "Facts in support of a sentencing calculation need only be proven by a preponderance of the evidence, and the district court's findings will not be disturbed unless clearly erroneous." *United States v. Halloran*, 821 F.3d 321, 341 (2d Cir. 2016). "When reviewing for clear error, we may reverse only if we are left with the definite and firm conviction that a mistake has been committed, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (internal quotation marks, brackets, and citation omitted). "Factual findings based on the testimony and observation of witnesses are entitled to particular deference, since assessing the credibility of witnesses is distinctly the province of the district court." *United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (internal quotation marks and citations omitted).

Here, the District Court's finding that Gilleo used a firearm during the robbery was not clearly erroneous. In reaching its conclusion, the District Court credited the testimony of the victim, Diana Aponte, who gave a detailed description of the weapon (which she touched and observed during the robbery), and who had familiarity with handguns and BB guns. We owe particular deference to the District Court's assessment of Aponte's credibility, as well as its conclusion that the testimony of Gilleo and his mother were not credible. *See id.* Indeed, the District Court had the opportunity to assess the criticisms of Aponte's testimony that Gilleo raises here—including that Aponte was a non-expert witness, that she was biased against Gilleo, and that her observations were otherwise compromised—and nonetheless found Aponte's testimony credible.

Moreover, it was not clear error for the District Court to accord lesser weight to the testimony of Gilleo's weapons expert, Brian Blume, than to Aponte's testimony. As the District Court explained, Blume's testimony was not specific to the time period or place that Gilleo claimed to have purchased his BB gun, and Blume conceded that silver BB guns were not as plentiful as darker models.

## B. Obstruction of Justice

Gilleo next contends that the District Court erred by applying a two-level Guidelines enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The District Court found that Gilleo had committed perjury at his *Fatico* hearing by, among other things, claiming that he used a BB gun during the robbery.

"The imposition of an obstruction-of-justice enhancement is subject to a mixed standard of review. We review *de novo* the sentencing court's interpretation of the Sentencing Guidelines but review its related findings of fact only for clear error." *United States v. Fiore*, 381 F.3d 89, 92 (2d Cir. 2004) (internal quotation marks and citation omitted). To qualify for the enhancement based on perjury, "a sentencing court must find that the defendant 1) willfully 2) and materially 3) committed

perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997).

Gilleo's challenges to the obstruction of justice enhancements are unavailing. First, for the reasons stated above, we find no merit in Gilleo's contention that he was armed only with a BB gun. Second, Gilleo's argument that his testimony was not willfully false because "[i]t was clear from the beginning . . . that the defense position would be that [Gilleo] used a BB-gun" is unpersuasive. Def. Br. at 46. While the District Court and the Government certainly knew of the defendant's position, neither should have expected Gilleo to present false testimony in support of that position.[2] Indeed, given the numerous inconsistencies in Gilleo's testimony observed by the District Court, we see no reason to disturb its willfulness finding.[3]

We therefore find no error in the District Court's application of an obstruction of justice enhancement to Gilleo's sentence.

## C. Acceptance of Responsibility

Gilleo next contends that the District Court erred by denying a reduction of his Guidelines offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. "Ordinarily, a district court's decision not to grant a defendant a section 3E1.1 adjustment is entitled to great deference on review. Whether the defendant has accepted responsibility is a factual question, and [a] district court's determination in this regard should not be disturbed unless it is without foundation." *United States v. Taylor*, 475 F.3d 65, 68 (2d Cir. 2007) (internal quotation marks and citation omitted).

---

[2] Gilleo also obliquely states that "it was completely disingenuous—and in violation of its obligations under the Plea Agreement" for the Government to seek an enhancement for obstruction of justice. Def. Br. at 47. Even if we construe this argument as a claim that the Government breached its plea agreement with Gilleo, it must be rejected. Since Gilleo failed to raise this argument below, we review for plain error. *See United States v. Taylor*, 816 F.3d 12, 18 (2d Cir. 2016). Gilleo's plea agreement expressly allows the Government "to seek an enhancement for obstruction of justice regardless of any stipulation set forth above, should it be determined that the defendant has . . . engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice." A21. Accordingly, there was no error here, let alone plain error, resulting from a violation of the plea agreement.

[3] Gilleo more narrowly argues that his testimony about his 2008 state court guilty plea was not willfully false, but rather the result of confusion, mistake, or faulty memory. The District Court found that Gilleo's testimony on this subject was "evasive and contradictory." A388. Given the District Court's examination of the 2008 plea transcript and its uniquely situated position to evaluate Gilleo's *Fatico* testimony, this finding was not clearly erroneous.

Here, we see no reason to disturb the District Court's denial of this reduction. "The validity of the obstruction enhancement adequately supports the District Court's decision not to accord [Gilleo] a reduction in the adjusted offense level for acceptance of responsibility despite his guilty pleas." *See United States v. Malki*, 609 F.3d 503, 511 (2d Cir. 2010). Moreover, this is not an "extraordinary case" in which a reduction for acceptance of responsibility is nevertheless warranted. *See* U.S.S.G. § 3E1.1 cmt. n.4.

### D.  Reopening the *Fatico* Hearing

Lastly, Gilleo argues that the District Court denied him due process by failing to reopen the *Fatico* hearing to receive certain additional evidence about the availability of silver BB guns at Wal-Mart between 2007 and 2008. Because a district court "has broad discretion as to what types of procedure are needed at a sentencing proceeding for determination of relevant disputed facts," we review a district court's fact-finding procedures at sentencing for abuse of discretion, taking account of, "among other things, the probative value and burdens of the proposed procedure." *United States v. Perez*, 295 F.3d 249, 254 (2d Cir. 2002) (internal quotation marks omitted). We find no abuse of discretion here. The additional evidence proffered by Gilleo is of limited probative value, particularly since the District Court's rulings turned on its credibility determinations, not the selection of BB guns available at Wal-Mart.

### CONCLUSION

We have reviewed all of the arguments raised by Gilleo on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 18, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk