*United States v. Byrd*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand nineteen.

PRESENT:     PETER W. HALL,
             JOSEPH F. BIANCO,
                        *Circuit Judges*,
             TIMOTHY C. STANCEU,
                        *Judge.**

_____

United States of America,

        *Appellee*,

        v.                             No. 18-2574

Tyrone Byrd,

        *Defendant-Appellant.*

_____

For Appellant:              Karen R. Shingler, Law Office of Karen Rush Shingler, Burlington, VT

For Appellee:               Spencer Willig, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney *on the brief*), *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT

*Chief Judge Timothy C. Stanceu of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Tyrone Byrd was convicted by a jury of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Byrd appeals his 36-month sentence, claiming that the District Court's failure to grant a reduction in the Sentencing Guidelines range for acceptance of responsibility was clearly erroneous.

In the sentencing context, "[w]e review work of the district courts under a 'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 38 (2007)). If a District Court "makes clearly erroneous factual findings," it commits procedural error. *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). The Sentencing Guidelines instruct courts to decrease the offense level by two points for acceptance of responsibility when "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. Application Note 2 states:

> Conviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

2

*Id.* at cmt. n.2.   In addition, Application Note 5 states: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.   For this reason, the determination of the sentencing judge is entitled to great deference on review."   § 3E1.1 cmt. n.5; *see also United States v. Taylor*, 475 F.3d 65, 68 (2d Cir. 2007) ("Whether the defendant has accepted responsibility is a factual question, and a district court's determination in this regard should not be disturbed unless it is without foundation." (internal quotation marks and alteration omitted)).   Byrd asserts it was clearly erroneous for the District Court to fail to apply the downward variance for acceptance of responsibility because Byrd admitted responsibility when he was first stopped by police, he expressed a willingness to accept a plea before trial, and he did not present a defense at trial.

The Government's evidence at trial showed that on October 5, 2016, a police officer stopped Byrd because he was driving with a dim headlight.   During the stop, Byrd was responsive to the police officer's requests and answered his questions honestly.   The officer saw a firearm on the floor of Byrd's vehicle and Byrd admitted that it was his weapon and it was loaded.   Byrd also admitted that he had been recently released from prison after serving ten years.

After Byrd was indicted for unlawful possession of a firearm and before trial, Byrd expressed his desire to plead guilty in letters to his attorney, the prosecutor, and the District Court. Ultimately, Byrd did not agree to the plea that was offered because he believed the appropriate base offense level for his crime under the Guidelines was 14, and both his attorney and the Government were asserting—we now know incorrectly—that his base offense level was 20. Byrd tried to persuade his attorney otherwise, albeit unsuccessfully, and then wrote a letter to the District Court asking it to intervene to clarify what the correct base level was:   "Your Honor, I

3

ask for this request because I have been wanting to resolve this case . . . . [W]hat Mr. Darrow is asking, is for me to accept a plea that is not a [sic] appropriate plea for my appropriate and correct *Base Offense Level*." J. App'x 46. The District Court did not intervene, however, and the Government would only agree to a plea of 40 months, which is below the 41-month to 51-month range that applies to an offense level of 20 and a criminal history category of III, but is higher than the 21-month to 27-month range for an offense level of 14 with the same criminal history category.

Byrd declined the 40-month offer and proceeded to trial. Before trial, Byrd sent a letter to the District Court asking for more time to prepare his defense because he did not have access to an adequate law library where he was currently incarcerated, and he and his attorney were not on the same page. J. App'x 44 ("I told Ms. Shingler how I wanted to present my case . . . . My life is not at Ms. Shinglers [sic] disposal to do what she wants with it."). The District Court denied Byrd's request and proceeded to trial. During her opening and closing statements and cross-examination of Government witnesses, Byrd's attorney disputed the Government's proof that Byrd possessed the firearm. Byrd's attorney, however, did not present any evidence, and Byrd did not testify.

After trial, Probation calculated Byrd's base offense level to be 14, as Byrd had asserted was correct, his criminal history category as III, and his corresponding Guidelines range as 21 to 27 months. At sentencing, Byrd requested that he still be given credit for acceptance of responsibility based on his conduct during the traffic stop, his stated willingness to accept a plea, and his decision not to present a defense at trial. The District Court commended Byrd for his

4

"excellent" behavior during the traffic stop,[1] but the District Court concluded it was not enough to offset his "decision to contest responsibility . . . at every opportunity down the way." Sentencing Tr. 26:17–27:2. The District Court said: "I think if the two points for acceptance of responsibility are going to mean anything they have to mean that the judge has to see you stepping forward and taking responsibility for your actions. And I don't think that happened in this case." *Id.* at 27:3–7.

We are troubled by the fact that both the Government and Byrd's attorney miscalculated the Guidelines range that would have been applicable in Byrd's case. It appears that Byrd did all that he could do during the plea negotiations—without the assistance of his attorney—to establish the accurate Guidelines range. Nonetheless, we must afford great deference to the District Judge who was presented with this evidence, observed Byrd's conduct in court, and balanced it with Byrd's conduct at the time of his arrest. Applying this high standard, we cannot conclude that the District Court clearly erred when it determined that Byrd did not adequately accept responsibility in a manner cognizable under the Guidelines.

Accordingly, the decision of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The District Court stated that it "could have been a dangerous or frightening situation for you or for the officer. And you conducted yourself like a gentleman to not give the guy a hard time in any way. You kept yourself safe, you kept him safe and answered his questions." Sentencing Tr. 26:18–22.

5