18-1644-cr
United States v. Boria

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8th day of July, two thousand nineteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

                v.                                                    18-1644-cr

OSCAR BORIA, JR.,

                     *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     James R. DeVita, White Plains, N.Y.

Appearing for Appellee:      Allison Nichols, Assistant United States Attorney (Anden Chow, Won S. Shin, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant-Appellant Oscar Boria, Jr. appeals from a judgment of conviction entered on May 25, 2018, in the United States District Court for the Southern District of New York (Seibel, *J.*), following a jury trial. Boria was sentenced to a term of 30 months' imprisonment, to be followed by three years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Boria primarily argues that: (1) the evidence was insufficient to support his conspiracy conviction; (2) the district court erred with respect to its buyer-seller jury instruction; (3) the district court erred in admitting a detective's testimony that he recognized Boria; (4) the district court erred in failing to hold an evidentiary hearing regarding his motion to suppress; and (5) his sentence was unreasonable because the district court erred in approximating drug quantity and in denying a two-level reduction for acceptance of responsibility. We reject each argument.

First, the evidence was sufficient to support Boria's membership in the charged conspiracy. Although this Court reviews sufficiency of the evidence claims de novo, *see United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010), a defendant mounting such a challenge "bears a heavy burden," *United States v. Heras*, 609 F.3d 101, 105 (2d Cir. 2010) (internal quotation marks omitted). This is because, in assessing whether the evidence was sufficient to sustain a conviction, "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Sabhnani*, 599 F.3d at 241 (quoting *United States v. Parkes*, 497 F.3d 220, 225 (2d Cir. 2007)).

To establish that a defendant knowingly joined and participated in the scheme alleged in the indictment, the government must offer evidence of the defendant's "purposeful behavior aimed at furthering the goals of the conspiracy." *United States v. Chavez*, 549 F.3d 119, 125 (2d Cir. 2008) (internal quotation marks omitted). "[T]he government need not show that the defendant knew all of the details of the conspiracy, so long as he knew its general nature and extent." *Id.* (internal quotation marks omitted). "Both the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence." *United States v. Stewart*, 485 F.3d 666, 671 (2d Cir. 2007).

Under the buyer-seller exception, a purchase and sale do not constitute a conspiracy unless there is "additional evidence showing an agreement to join together to accomplish an objective beyond the sale transaction." *United States v. Hawkins*, 547 F.3d 66, 72 (2d Cir. 2008). This exception effectuates a "policy judgment that persons who acquire . . . illegal drugs for their own consumption because they are addicted . . . should not be punished with the severity directed against those who distribute drugs." *United States v. Parker*, 554 F.3d 230, 235 (2d Cir. 2009). If, however, "the evidence supports a finding that the seller shared with the buyer an interest in furthering resale by the buyer, the seller and buyer may be found to be in a

conspiratorial agreement to further the buyer's resale." *Id.* "[C]ircumstances surrounding a buyer-seller relationship" that can, but do not necessarily, "establish an agreement to participate in a distribution conspiracy" include "whether there was prolonged cooperation between the parties, a level of mutual trust, standardized dealings, sales on credit ('fronting'), and the quantity of drugs involved." *Hawkins*, 547 F.3d at 74. Whether there is a distribution conspiracy as opposed to a mere buyer-seller relationship "is a highly fact-specific inquiry." *Id.*

Here, the evidence—viewed in the light most favorable to the government—is sufficient to sustain Boria's conviction on the conspiracy charge. Goodman distributed wholesale quantities to Boria; other dealers at issue purchased narcotics from Goodman on credit; Goodman communicated the same messages at around the same time to the dealers to inquire when he was going to be paid; Boria was among these dealers; and both the other dealers and Boria would respond with phrases like, "got that for u," in reference to payment. Trial Tr. at 561; *see also* Tr. at 242-43, 472-73, 259-60. Additionally, Boria was one of the only people Goodman contacted during the relevant time frame; Boria had a designated "spot" to meet with Goodman that was referred to as "your spot," Trial Tr. at 242-43; and they did not need to discuss quantities or price beforehand. Taken in the light most favorable to the government, the evidence was sufficient for the jury to conclude that Goodman repeatedly, within a short period of time, sold wholesale quantities to Boria with the shared expectation and purpose that Boria would resell, thus financing further purchases for further distribution. Accordingly, the evidence was sufficient for the jury to conclude that Boria and Goodman conspired together that Boria would distribute the drugs he acquired from Goodman.

Second, Boria argues that the jury's note requesting clarification shows that the district court's instruction on the buyer-seller relationship was inadequate and that the instruction should have contained his two requested sentences. "The trial court enjoys considerable discretion in construing the scope of a jury inquiry and in framing a response tailored to the inquiry." *United States v. Rommy*, 506 F.3d 108, 126 (2d Cir. 2007). "In doing so, it is not required to reference specific arguments advanced or defenses raised by counsel in urging particular outcomes." *Id*. Ultimately, "[b]ecause the jury may not enlist the court as its partner in the factfinding process, the trial judge must proceed circumspectly in responding to inquiries from the jury." *Id*. at 126-27 (internal quotation marks omitted). Here, the district court did not err in responding to the jury: "Could you be more specific? I am not clear on what you are interested in (beyond what appears on Pages 18 to 31 of the jury charge)." Trial Tr. at 921. The given instruction accurately represented the law and Boria's defense—as the district court observed, Boria's requested instruction was tilted to favor the defendant—and the district court did not err in attempting to clarify a broad inquiry from the jury before responding.

Third, Boria argues that the district court abused its discretion where it allowed, without notice, the government's question to Detective Slanovec—whether he recognized Boria when he and Officer Rosen drove up to the spot where Boria had been stopped—and Detective Slanovec's response, "Yes." Trial Tr. at 542. Evidentiary rulings are reviewed for abuse of discretion, *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009), and "harmless error analysis applies to evidentiary errors," *United States v. Tropeano*, 252 F.3d 653, 659 (2d Cir. 2001). "[A] police officer's testimony that he often saw the defendant in the area where the relevant drug transactions occurred [is] not other acts evidence subject to Rule 404(b)." *United*

*States v. Scott*, 677 F.3d 72, 77-78 (2d Cir. 2012) (internal quotation marks and alteration omitted). Here, the detective's single-word response affirming that he had recognized Boria did not constitute other-acts evidence subject to Rule 404(b). Accordingly, the district court did not err in admitting it.

Fourth, Boria argues that the district court erred in not holding an evidentiary hearing on his motion to suppress the cocaine recovered from his vehicle and the statements he made while stopped by law enforcement because of his assertion that the police fabricated the traffic violation. This Court reviews the denial of a request for a suppression hearing for abuse of discretion. *United States v. Getto*, 729 F.3d 221, 226 n.6 (2d Cir. 2013). "[A] warrantless search of a movable vehicle is permissible when the police have probable cause to believe that the vehicle contains contraband." *United States v. Harwood*, 998 F.2d 91, 96 (2d Cir. 1993). A district court does not abuse its discretion by denying a hearing when the defendant's allegations, "even if assumed to be true, would not require suppression." *Getto*, 729 F.3d at 226 n.6. Here, the police had probable cause to believe there was contraband in Boria's vehicle, and the search was therefore lawful under the automobile exception. As a result, the district court did not abuse its discretion by denying a hearing because even if Boria's allegations regarding fabrication of the traffic violation were true, they would not require suppression.

Finally, Boria argues that his sentence was unreasonable because a) the district court used too high a drug quantity when "the only quantity that the evidence shows is the 186 grams seized from Mr. Boria the day of his arrest," Appellant's Br. at 46, and b) the district court erred in denying him a two-level reduction for acceptance of responsibility despite his offer to plead guilty to the possession conduct charged in Count Two.

"We review the district court's interpretations of the Sentencing Guidelines de novo and its related findings of fact for clear error." *United States v. Cain*, 671 F.3d 271, 301 (2d Cir. 2012). "The quantity of drugs attributable to a defendant is a question of fact. As such, if the evidence—direct or circumstantial—supports a district court's preponderance determination as to drug quantity, we must sustain that finding." *United States v. Jones*, 531 F.3d 163, 175 (2d Cir. 2008). "[W]e are mindful of the Guidelines' express instruction that where there has been no seizure of narcotics, or where the quantity seized does not reflect the true scale of the offense, a sentencing judge should 'approximate' the relevant drug quantity, *see id*. § 2D1.1, Application Note 12, based on a preponderance of the evidence, *see id*. § 6A1.3 (Policy Statement), comment." *Id*. "In making such an estimate, the court has broad discretion to consider all relevant information . . . ." *United States v. Blount*, 291 F.3d 201, 215 (2d Cir. 2002). Here, the district court did not err in finding by a preponderance of the evidence that Boria participated in transactions involving at least 500 grams of cocaine and that the quantity was reasonably foreseeable to him. It was not clear error for the district court to conclude that the phone at issue belonged to Boria, that his previous meetings with Goodman involved the transaction of drugs, and that he reasonably should have known that there were other players like him.

A district court's decision not to grant an acceptance-of-responsibility adjustment is "entitled to great deference on review." U.S.S.G. § 3E1.1 cmt. n.5. "Whether the defendant has accepted responsibility is a factual question, and a district court's determination in this regard should not be disturbed unless it is without foundation." *United States v. Taylor*, 475 F.3d 65, 68

4

(2d Cir. 2007) (internal quotation marks and alteration omitted). Though Boria offered before trial to plead to possession of 186 grams of cocaine, he neither admitted nor offered to plead to the conspiracy, of which he was found guilty. Accordingly, the district court did not err in declining to apply the acceptance-of-responsibility adjustment.

We have considered the remainder of Boria's arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk